Walter B. STEVENS et al., Plaintiffs,

v.

Arthur E. SUMMERFIELD, The Postmaster General, et al., Defendants.

Civ. A. No. 3242–55.

United States District Court
District of Columbia.

May 25, 1957.

------

James E. Curry, Washington, D. C., for plaintiffs.

Oliver Gasch, Esq., U. S. Atty., Edward P. Troxell, Prin. Asst. U. S. Atty., E. Riley Casey, Asst. U. S. Atty., William R. Rafferty, Asst. U. S. Atty., Washington, D. C., for defendants.

KEECH, District Judge.

This is an action to enjoin the Postmaster General and the Postmaster of Washington, D. C., from barring from the mails, pursuant to 18 U.S.C. § 1718, certain envelopes of the plaintiffs, which bear a postage stamp with the legend "In God We Trust" in juxtaposition with the following printed inscription:

"National Liberal League
"38 Park Row, New York 8, N. Y.
"In Open Contempt of the Law

"The attached postage stamp was issued in *open* and *willful contempt* of the *constitutional laws* of the *United States of America,* as governmental propaganda intended to falsely imply that this is a Christian nation and to influence people toward religion per se, thereby constituting a deliberately contrived and *unlawful act* of assistance to religion per se.

"This stamp, the first of any regular series to be so desecrated by this government, will forever stand as a memorial to the low degree of intelligence and disregard for constitutional principles of the political leaders of these United States at the time this stamp was first issued. (Ref. 330 U.S. 1;[1] 333 U.S. 203[2].)

" 'The government of the United States of America is not, in any sense, founded on the Christian Religion.'—George Washington."

Plaintiffs allege that the National Liberal League is a corporation devoted to educational activities directed toward obtaining a complete separation of Church and State.

The case is before the court on a stipulation of facts with one appended exhibit, a sample envelope. The plaintiffs contend that there is but one question before the court, one of statutory interpretation, specifically, whether 18 U.S.C. § 1718 is applicable to the matter printed by plaintiffs on their envelopes.

Section 1718 provides:

"All matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or any postal card upon which is written or printed or otherwise impressed or apparent any delineation, epithet, term, or language of libelous, scurrilous, defamatory, or threatening character, or calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another, is nonmailable matter, and shall not be conveyed in the mails nor delivered from any post office nor by any letter carrier, and shall be withdrawn from the mails under such regulations as the Postmaster General shall prescribe."

█ The plaintiffs contend that the inscription on their envelopes refers to a class of persons and not to any identifiable person or persons, and therefore it is not within the prohibition of the statute. Plaintiffs rely upon the decision in American Civil Liberties Union v. Kiely, 2 Cir., 40 F.2d 451.

---

1. Everson v. Board of Education, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711.

2. People v. State of Illinois ex rel. McCollum v. Board of Education, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 648.

I find that the envelopes in question are—

"* * * matter otherwise mailable by law, upon the envelope * * * of which * * * is * * * printed * * * language * * * calculated by the terms * * * and obviously intended to reflect injuriously upon the character or conduct of another * * *"

and that the language employed clearly identifies the Postmaster General.

Following the rule enunciated in the Kiely case, supra, the envelopes fall within the prohibition of the statute and may not be conveyed in the mails or delivered from any Post Office or by any letter carrier. The action of the Post Office Department in barring them from the mails must therefore be sustained. Particularly is this true viewed in the light of the limited scope of judicial review in such matters.

The complaint will be dismissed for the foregoing reasons.